IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 2:14-CR-8-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| THEODORE HALL. | ) | |
| | ) | |

This cause comes before the court from a letter, construed as a motion, to reduce defendant's fine and period of supervision. [DE 45]. The government has responded in opposition. [DE 49]. For the following reasons, *pro se* defendant's motion is DENIED.

## BACKGROUND

Defendant pled guilty to possession with intent to distribute 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). [DE 35]. On November 18, 2014, defendant was sentenced to 65 months in prison and 20 years on supervised release. *Id.* The Court assigned an assessment of $100.00 and a fine of $10,000.00. *Id.* Payment of both the assessment and fine was due immediately; the judgment specifically stated that immediately in this context meant during imprisonment unless otherwise stated. *Id.* On September 21, 2015, defendant filed the instant motion to reduce his fine and term of supervised release. [DE 45].

## DISCUSSION

"A judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotation marks omitted) (alteration in original); 18 U.S.C. § 3582(c). These limited circumstances include, among others, motion from the Director of the Bureau of Prisons based on "extraordinary and compelling reasons" and

defendant's advanced age, or a reduction in sentence due to Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582.

Here, defendant has not put forth any statute or rule which would permit a modification of his judgment. Without this explicit approval, the Court is unable to modify a final judgment. Accordingly, defendant's motion for reduction in fine must fail.

Next, the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. 18 U.S.C. § 3583(e)(1). However, the Court need not even conduct this inquiry for the instant matter. As defendant has not yet begun serving his period of supervised release, his motion for its reduction is premature.

Finally, the Court notes that defendant has not included any information indicating that he has utilized the Bureau of Prison's administrative remedy system, much less exhausted it, as is required before seeking judicial relief. *See McKart v. United States*, 395 U.S. 185, 193 (1969) ("The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'") (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 (1938)).

For the above reasons, defendant's motion is DENIED. [DE 45].

SO ORDERED, this 29 day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE