# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Theodore Hall**                    **Docket No. 2:14-CR-8-1D**

### Petition for Action on Supervised Release

COMES NOW Lakesha H. Wright, Senior United States Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Theodore Hall, who, upon an earlier plea of guilty to Possession With Intent to Distribute 28 Grams or More of Cocaine Base (Crack), in violation of 21 U.S.C. § 841(a)(1), was sentenced by the Honorable Terrence W. Boyle, United States District Judge, on November 18, 2014, to the custody of the Bureau of Prisons for a term of 65 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 20 years. Theodore Hall was released from custody on February 22, 2019, at which time the term of supervised release commenced.

On February 27, 2019, a Petition for Action was submitted to the court advising that the defendant, who was released from imprisonment on February 22, 2019, was unable to immediately pay the outstanding fine balance of $9,751.38, as ordered by Judgement and Commitment Order. In response, the court concurred with the recommendation to allow Hall to pay the outstanding fine balance at the rate of $100 per month beginning on April 23, 2019, and continuing each month until paid in full.

On September 18, 2019, a Violation Report was submitted to the court advising Hall failed to make payments toward his outstanding fine balance of $9,751.38, and therefore, he was in arrears of $500. The court was also informed the defendant was still unemployed. In response to the violation and to monitor Hall's efforts in securing employment, the probation officer instructed Hall to complete and submit a monthly employment search log. Based on this intervention, it was recommended the defendant be continued under supervision without modification. The court concurred with the modification on September 18, 2019.

On November 12, 2021, a Violation Report was submitted to the court advising that on November 3, 2021, the probation officer received a call from Sumintra Rivera, a resident of Virginia and a female acquaintance of Hall's, advising that the defendant broke into her residence earlier that day and physically assaulted her by grabbing her throat and punching her in the face, causing a black eye. Ms. Rivera also reported that prior to the assault, Hall harassed her by repeatedly calling her cell phone from blocked telephone numbers. Additionally, Ms. Rivera provided the probation office with a video from a prior undisclosed date wherein the defendant was outside of the window of her residence pleading to speak with her. Hall was subsequently confronted by the probation officer with the information/documentation provided by Ms. Rivera, and he vehemently denied assaulting her. Nonetheless, the defendant acknowledged that he went to Ms. Rivera's residence in Virginia one to two days prior to November 3, 2021, and that he only had permission from the probation officer to travel out of the district for work purposes. He also admitted he repeatedly called Ms. Rivera's cellphone, but he claimed he did so in response to messages she sent. Inasmuch as Ms. Rivera declined to pursue criminal charges against the defendant and because Hall was verbally reprimanded by the probation officer for being out of district without permission and instructed to avoid all direct and indirect contact with Ms. Rivera, it was recommended he be continued under supervision without modification. The court concurred with the recommendation on November 12, 2021.

On September 21, 2022, a Petition for Action was submitted to the court advising that on September 6, 2022, the defendant was served by the Pasquotank County Sheriff's Office in Elizabeth City, North Carolina, with a domestic violence protective order (DVPO) which was lodged against him by Ashley Simpson. According to the DVPO, Ms. Simpson alleged that Hall slapped her, causing her to fall over a table and hit her face on the ground. She also alleged that when she tried to defend herself, the defendant picked her up and slammed her. Thereafter, Hall reportedly put his hands around her neck. Ms. Simpson fought back, and the fight ended. The probation officer interviewed Ms. Simpson on September 13, 2022, and she reiterated that Hall assaulted her. The defendant denied such assertion when confronted by the probation officer on September 15, 2022. He also contended he restrained Ms. Simpson after she struck him in the face. Ms. Simpson was granted a one-year restraining order on September 14, 2022. Although Ms. Simpson did not pursue criminal charges against Hall, the defendant violated his supervision by failing to notify the probation officer within 72 hours of his contact with law enforcement on September 6, 2022. In response to the violation and due to the pattern of domestic violence-related conduct, it was respectfully recommended the defendant's supervised release be modified to include mental health treatment. The court concurred with the modification on September 21, 2022. Note: Hall began mental health treatment with PORT Health in Elizabeth City on November 9, 2022. He was successfully discharged from treatment on October 31, 2024.

On July 24, 2026, the defendant's case was reassigned to the Honorable James C. Dever III, United States District Judge.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

2. The defendant shall provide the probation office with access to any requested financial information.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

With regard to violation conduct, on July 16, 2026, Hall was cited in the Western District of Virginia for Damage of Government Property (Violation Notice E1209492), in violation 18 U.S.C. § 1361. Per correspondence with the charging officer, while delivering a load at the Radford Army Ammunition Plant in Radford, Virginia, the defendant made a wrong turn, resulting in the rear part of his truck striking an alarm system and shattering a camera. The charge remains pending. Due to the nature of the offense and because Hall promptly reported his contact with law enforcement to the probation officer, it is respectfully recommended that his conditions of supervised release remain unchanged.

**Theodore Hall**
**Docket No. 2:14-CR-8-1D**
**Petition for Action**
**Page 4**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Lakesha H. Wright
Lakesha H. Wright
Senior U.S. Probation Officer
Phone: 252-335-5508
Executed On: July 27, 2026

## ORDER OF THE COURT

Considered and ordered this __28__ day of __July__, 2026, and ordered filed and made a part of the records in the above case.

James C. Dever III
United States District Judge